## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW KELLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-2291-DWD |
| | ) | |
| JACKSON COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| ALLAN BOST, | ) | |
| JOHN HUFFMAN, | ) | |
| RONALD STANTON, | ) | |
| DARA DAVIS, | ) | |
| CARSON BUNTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DUGAN, District Judge:**

This matter is before the Court for case management purposes.  On September 12, 2022, Plaintiff filed a state court complaint in Jackson County, Illinois alleging violations of his civil rights by Defendants Jackson County Sheriff's Office, Allan Bost, John Huffman, Ronald Stanton, Dara Davis, and Carson Bunton related to an incident on September 14, 2020 (Doc. 1-1).  Defendants removed the case to this Court on October 4, 2022 (Doc. 1).

On September 14, 2022, Plaintiff Matthew Kellum filed a federal complaint in *Kellum v. Jackson County Sherriff's Office, et. al*, SDIL Case No. 22-cv-2159-DWD.  This complaint also alleges violations of his civil rights by Defendants Jackson County Sheriff's Office, Allan Bost, John Huffman, and Carson Bunton related to the September

1

14, 2020 incident.  (*See* Case No. 22-cv-2159, at Doc. 1).  Defendants entered an appearance on October 3, 2022 (Case No. 22-cv-2159, at Doc. 6), and that matter is set for a scheduling conference on November 8, 2022 (*Id.* at Doc. 12).

Both cases allege civil rights violations related to an alleged medical emergency incident on September 14, 2020.  Specifically, Plaintiff alleges that Defendants were called to the residence of a third-party after Plaintiff threatened suicide and reported having ingested a "large quantity of pills."  Upon Defendants' arrival, Plaintiff claims he was dressed in pajama pants, with no shirt, and was "clearly and visibly in mental distress." Defendants located Plaintiff behind the residence and drew their guns and tasers, pointing them at Plaintiff.  After being confronted by Defendants, Plaintiff ran into the woods and climbed a tree.  One of the Defendants then shot Plaintiff with a taser causing Plaintiff to fall from the tree resulting in serious injuries.  Plaintiff was then handcuffed, and Defendant Huffman deployed his taser to stun Plaintiff nine (9) times for a total of 42 seconds.  Plaintiff was unable to walk so Defendants dragged Plaintiff out of the woods through a field with his arms handcuffed and his feet dragging on the ground, resulting in further injuries.

Apart from the naming of two additional Defendants in Case No. 22-2291, Defendants Stanton and Davis, these cases appear to be largely duplicative.  Fed. R. Civ. P. 42(a) grants federal district courts the authority and discretion to consolidate related actions for greater efficiency. The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts should consolidate related actions, when possible, to promote judicial economy, as long as the consolidation does not unduly prejudice any party. *See, e.g., Ross v. Gossett*, No. 3:15-CV-309-SMY-MAB, 2019 WL 1338569, at *2 (S.D. Ill. Jan. 31, 2019) ("Rule 42(a) was 'designed and intended to encourage such consolidation where possible.'") (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd,* 328 U.S. 654 (1946)).

Upon preliminary review, consolidation of these cases appears appropriate. However, the Court will permit the parties to brief this issue. The parties are therefore **DIRECTED** to brief the issue of whether consolidation of these actions under Fed. R. Civ. P. 42 or another applicable authority may be appropriate. The parties shall file their briefs on or before **October 25, 2022**.

      **SO ORDERED.**

Dated: October 11, 2022

_____
DAVID W. DUGAN
United States District Judge

3